UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David M. Nelson and Rosemary Feehan,
in their own behalf and on behalf of their
minor children, Erin Feehan-Nelson and
Olivia Feehan-Nelson,

        Plaintiffs,

v.                                                         Civ. No. 02-2923 (JNE/JSM)
                                                          ORDER

Stephen Popovich, Popovich, Inc., Gary
Williams, Charlotte Melcher, Thomas Trooien,
and the City of St. Mary's Point,

        Defendants.

David Nelson and Rosemary Feehan brought this action against Stephen Popovich, Popovich, Inc., Gary Williams, Charlotte Melcher, Thomas Trooien,[1] and the City of St. Mary's Point. Claims against Popovich, Inc., have been dismissed. Claims against the remaining defendants (collectively, City Defendants) include conspiracy to deprive plaintiffs of equal protection under the laws and their civil rights, and a taking of private property, under 42 U.S.C. §§ 1983, 1985 (2000); negligence; and a violation of the Minnesota open meeting law, Minn. Stat. §§ 13D.01-.07 (2006).[2] The case is before the Court on City Defendants' motion for summary judgment and plaintiffs' motion for partial summary judgment.

---

[1] During the relevant time period, Popovich was the Mayor of St. Mary's Point; Melcher and Williams were members of the St. Mary's Point City Council; and Trooien was a building inspector for St. Mary's Point.

[2] In Count Three of the Amended Complaint, plaintiffs allege tortious interference with contractual relations. City Defendants move for summary judgment on this claim. Plaintiffs do not address City Defendants' arguments and instead argue that this claim merges with plaintiffs' 42 U.S.C. § 1983 claims. Accordingly, Count Three is dismissed.

## I.   BACKGROUND

In the spring of 2001, the St. Croix River overflowed its banks and flooded plaintiffs' home.  In May 2001, plaintiffs applied for a permit to rebuild the damaged areas of their home.  In July 2001, the City of St. Mary's Point issued plaintiffs a building permit.  On August 22, 2001, the Planning Commission met to discuss flood mitigation issues.  Feehan was present and expressed views on certain flood-plain policies.  Plaintiffs' rebuilding project was also discussed at the meeting.  After the meeting, Nelson witnessed Popovich, Melcher, and Williams talking outside of City Hall.  On August 23, 2001, Popovich met with Trooien and explained that there was a problem with plaintiffs' project because it did not comply with setback requirements.  That same day, Trooien called Feehan and advised her of the same.  The next day, Trooien inspected plaintiffs' property at Feehan's request.  Trooien told Feehan that if the sideyard setback was not corrected, a stop-work order would be issued.  Plaintiffs requested a refund of the building permit fee and rebuilt their home to its original condition.

## II.   DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party satisfies its burden, Rule 56(e) requires the party opposing the motion to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986).  In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the party opposing the motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**A.     Federal claims**

Count Two of plaintiffs' Amended Complaint alleges a "Conspiracy to Deprive Plaintiffs of Equal Protection of Laws, Deprivation of Civil Rights and Taking of Private Property." Plaintiffs attempt to assert several additional constitutional claims under this count; specifically, independent First Amendment, due process, and equal protection claims.  The Court's review of the procedural history of this case reveals that the scope of Count Two is narrower than plaintiffs suggest.

On December 29, 2004, the magistrate judge issued an order denying plaintiffs' motion for leave to file a second amended complaint.[3]  The Court affirmed the magistrate judge's order. In the December 29 order, the magistrate judge stated that the constitutional claims remaining in

---

[3]     Count One of plaintiffs' original complaint alleged a claim under 42 U.S.C. § 1983 for a violation of the Fourteenth Amendment.  This count also alleged a conspiracy to deprive the plaintiffs of their constitutional rights.  Plaintiffs amended the original complaint, replacing the first count with a RICO claim and creating the current Count Two.  On January 27, 2004, the Court dismissed the RICO claim.  Plaintiffs moved for leave to amend the complaint again. According to plaintiffs, their proposed second amended complaint would have reverted back to their original complaint for Count One and added a claim for declaratory and injunctive relief for violation of procedural and substantive due process rights.  The magistrate judge interpreted plaintiffs' proposed amendment as follows:

> What the Feehans have really proposed is that they be permitted to meld together, with some rewriting and expansion, Count I from their original Complaint and Count II from the Amended Complaint, into a new Count I which has two "parts"—Part A, which seeks a declaratory judgment and injunction for the defendants' alleged deprivation of procedural due process under the 14th Amendment, pursuant to 42 U.S.C. §§ 1983 and 1985, and Part B, which seeks damages for the defendants' alleged deprivation of equal protection under the law, vindictive action, retaliation for exercise of the Feehans' first amendment rights, and deprivation of substantive due process.

3

the Amended Complaint include "a conspiracy to deprive the Feehans of equal protection under the laws and their civil rights, and a wrongful taking of property." Therefore, plaintiffs' First Amendment, due process, and equal protection claims are before the Court only as part of plaintiffs' conspiracy allegations. They will not be considered as free-standing claims.

*1.   Conspiracy*

Plaintiffs allege City Defendants conspired to deprive them of equal protection of the laws and their civil rights. Plaintiffs claim that the conspiracy occurred during the August 22, 2001, meeting. Specifically, plaintiffs allege that City Defendants conspired to deprive them of their "right to freedom of speech, by retaliating against the plaintiffs for exercising their rights in speaking out." City Defendants argue that plaintiffs have failed to establish facts tending to support any allegation of conspiracy.

To demonstrate a conspiracy under 42 U.S.C. § 1983, plaintiffs must show that: (1) City Defendants conspired to deprive them of a constitutional right; (2) at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) the overt act injured the plaintiffs. *See Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999).[4] Plaintiffs must also prove a deprivation of a constitutional right. *Id.*

To survive summary judgment, plaintiffs must "identify specific facts suggesting that there was a mutual understanding among the conspirators to take actions directed towards an unconstitutional end." *Myers v. Becker County*, 833 F. Supp. 1424, 1435 (D. Minn. 1993)

---

[4] Similarly, to demonstrate a conspiracy under 42 U.S.C. § 1985(3), plaintiffs must prove: (1) City Defendants conspired; (2) with the intent to deprive them, either directly or indirectly, of equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) that they or their property were injured, or they were deprived of exercising any right or privilege of a citizen of the United States. *See Barstad v. Murray County*, 420 F.3d 880, 887 (8th Cir. 2005). In addition, plaintiffs must present evidence of some class-based, invidiously discriminatory animus. *See Bell v. Fowler*, 99 F.3d 262, 270 (8th Cir. 1996).

(granting defendants' summary judgment motion on conspiracy claim under § 1985). Here, plaintiffs appear to concede that they do not have evidence to support their conspiracy claim. They do not raise any arguments in favor of establishing, and they neglect to direct the Court to any facts in support of, a conspiracy. In particular, plaintiffs fail to provide facts indicating that City Defendants reached some agreement, or that there was a meeting of the minds, to deprive plaintiffs of a constitutional right. For this reason, plaintiffs' conspiracy claim fails.[5]

*2. Takings*

Plaintiffs' only remaining constitutional claim under Count Two is a takings claim. Plaintiffs concede, however, that they do not have a claim for an unconstitutional taking. Instead, plaintiffs complain generally of a "taking" in support of their due process and equal protection arguments. However, as discussed above, Count Two does not encompass free-standing due process or equal protection claims.

**B.   State-law claims**

In Counts Four and Five of the Amended Complaint, plaintiffs assert state-law claims for negligence and a violation of the Minnesota open meeting law, respectively. The basis for the Court's jurisdiction over these claims is 28 U.S.C. § 1367(a) (2000), which permits a district court to exercise supplemental jurisdiction over claims that are part of the same case or controversy as the claims that fall within the district court's original jurisdiction. A district court may, in its discretion, decline to exercise supplemental jurisdiction when "all claims over which

---

[5] Defendants also argue that plaintiffs' conspiracy claim is barred by the intracorporate conspiracy doctrine. That doctrine provides that a corporation, or a governmental body, cannot conspire with itself. *See, e.g.*, *Run After v. United States*, 766 F.2d 347, 354 (8th Cir. 1985). Plaintiffs concede that because Popovich, Inc.—the only defendant who is not part of the city government—is no longer a party, "there is no basis for claiming an intracorporate conspiracy under 42 U.S.C. §§ 1983 and 1985(3)." Instead, plaintiffs argue they "are not required to establish a conspiracy to establish a violation of 42 U.S.C. § 1983."

5

it has original jurisdiction" have been dismissed. 28 U.S.C. § 1367(c)(3); *see Franklin v. Zain*, 152 F.3d 783, 786 (8th Cir. 1998) (holding district court did not abuse its discretion in declining to exercise supplemental jurisdiction over state-law claim pursuant to section 1367(c)(3)). In this case, City Defendants are entitled to summary judgment on all claims that fall within the Court's original jurisdiction. The Court declines to exercise its supplemental jurisdiction over, and therefore dismisses without prejudice, plaintiffs' remaining state-law claims.

### III.   ORDER

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. City Defendants' Motion for Summary Judgment [Docket No. 277] is GRANTED.

2. Plaintiffs' Amended Cross Motion for Partial Summary Judgment [Docket No. 293] is DENIED.

3. Counts Two and Three of Plaintiffs' Amended Complaint [Docket No. 11] are DISMISSED.

4. Counts Four and Five of Plaintiffs' Amended Complaint [Docket No. 11] are DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  April 20, 2007

                                                            s/ Joan N. Ericksen
                                                            JOAN N. ERICKSEN
                                                            United States District Judge